NS:OO/JMS
F.#2020R01002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

HERBERTH RODRIGUEZ,
    also known as "Kepa," and

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

1:20-cr-00548(WFK)(CLP)

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 20-548 (S-2) (WFK)
(T. 18, U.S.C., §§ 922(g)(5)(B), 924(a)(2),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(d)(1), 924(j)(1),
1959(a)(1), 1959(a)(5), 1961(1), 1961(5),
1962(c), 1963, 1963(a), 1963(m), 2 and
3551 et seq.; T. 21, U.S.C., §§
841(b)(1)(B)(ii)(II), 841(b)(1)(D), 846,
853(a) and 853(p); T. 28, U.S.C., §
2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1.    The 18th Street gang ("18th Street" or the "Enterprise") was a violent street gang with members located in Queens, New York and elsewhere, divided into local chapters, or "canchas." Members of the Enterprise were required to abide by the rules of the Enterprise, including by engaging in criminal activity to benefit the Enterprise. The Enterprise collected money from members, some of which was transferred to other members who were incarcerated in the United States, El Salvador, Guatemala and Honduras.

Members of 18th Street sometimes signified their membership with the color black and with graffiti, hand signals and tattoos reading, among other things, "18," "X" and "V3."

2. Members of 18th Street and their associates engaged in acts of violence, including acts involving murder and assault, as well as narcotics trafficking, production of fraudulent identification documents, extortion and other criminal activity. Members committed acts of violence and engaged in narcotics trafficking and other criminal activity in order to increase and maintain the power and financial position of the Enterprise. Participation in criminal activity by a member or associate, especially violence directed at rival gang members or at 18th Street members or associates believed to have violated the Enterprise's rules, increased the prestige of a member or associate.

3. The Enterprise maintained control over its members and associates by giving them a "calenton," or an 18-second beating, when they violated the Enterprise's rules. 18th Street members were directed to kill members and associates of the Enterprise who violated the Enterprise's rules in a significant respect, including those whom the Enterprise suspected of cooperating with law enforcement.

4. 18th Street, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

5.      18th Street, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), that is, acts and threats involving murder that are chargeable under New York Penal Law and punishable by imprisonment for more than one year; offenses involving narcotics trafficking punishable under Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents).

<u>Purposes of the Enterprise</u>

6.      The purposes of the Enterprise included the following:

(a)     promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(b)     preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder;

(c)     keeping victims and rivals in fear of the Enterprise and its members and associates;

(d)     enriching the members and associates of the Enterprise through criminal activity, including narcotics trafficking, production of fraudulent identification documents and other criminal activity for profit;

(e)     ensuring discipline within the Enterprise and compliance with the Enterprise's rules by members and associates through threats of violence and acts of violence; and

(f) concealing the activities of the Enterprise from law enforcement.

### Means and Methods of the Enterprise

7. Among the means and methods by which members of 18th Street and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a) Members of 18th Street and their associates committed, attempted to commit, conspired to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the Enterprise's prestige and to protect and expand the Enterprise's criminal operations.

(b) Members of 18th Street and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and 18th Street members and associates believed to have violated the Enterprise's rules.

(c) Members of 18th Street and their associates used, attempted to use and conspired to use narcotics trafficking, production of fraudulent identification documents and extortion as means of obtaining money.

### The Defendants

8. The defendants HERBERTH RODRIGUEZ, also known as "Kepa," and ███████████████████████████ were members of 18th Street.

5

## COUNT ONE
(Racketeering)

9. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between June 2020 and November 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," together with others, being a person employed by and associated with 18th Street, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of 18th Street through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Narcotics Distribution Conspiracy)

11. In or about and between June 2020 and November 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved a substance containing marijuana, a Schedule I controlled substance, and a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21,

6

United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT TWO
(Attempted Murder of John Doe 1)

12. On or about October 10, 2020, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe 1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT THREE
(Conspiracy to Murder Diego Vasquez and Murder of Diego Vasquez)

13. The defendant HERBERTH RODRIGUEZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.   Conspiracy to Murder Diego Vasquez

14. In or about and between October 2020 and November 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Diego Vasquez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   Murder of Diego Vasquez

15. On or about and between October 31, 2020 and November 1, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, together with others, with the intent to

cause the death of another person, did knowingly and intentionally cause the death of such person, to wit: Diego Vasquez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Marijuana)

16.     In or about and between June 2020 and November 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance, and (b) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).  The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 500 grams or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846, 841(b)(1)(B)(ii)(II) and 841(b)(1)(D); Title 18, United States Code, Section 3551 et seq.)

COUNT THREE
(Conspiracy to Commit Murder In-Aid-Of Racketeering – Diego Vasquez)

17. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between October 2020 and November 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HERBERTH RODRIGUEZ, also known as "Kepa," and ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Diego Vasquez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FOUR
(Murder In-Aid-Of Racketeering – Diego Vasquez)

19. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

20. On or about and between October 31, 2020 and November 1, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HERBERTH RODRIGUEZ, also known as "Kepa," and ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an

9

enterprise engaged in racketeering activity, did knowingly and intentionally murder Diego Vasquez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

21. On or about and between October 31, 2020 and November 1, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HERBERTH RODRIGUEZ, also known as "Kepa," and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIX
(Causing the Death of Diego Vasquez Through the Use of a Firearm)

22. On or about and between October 31, 2020 and November 1, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HERBERTH RODRIGUEZ, also known as "Kepa," and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Five, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section

10

1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Diego Vasquez willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT SEVEN
(Possession of Ammunition as an Alien Admitted Under a Nonimmigrant Visa)

23. On or about and between October 31, 2020 and November 1, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," knowing that he was an alien who had been admitted to the United States under a nonimmigrant visa, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: six .9mm caliber Win Luger cartridge cases.

(Title 18, United States Code, Sections 922(g)(5)(B), 924(a)(2) and 3551 et seq.)

## COUNT EIGHT
(Attempted Murder In-Aid-Of Racketeering – John Doe 1)

24. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

25. On or about October 10, 2020, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and

11

intentionally attempt to murder John Doe 1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT NINE
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

26. On or about October 10, 2020, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
(Possession of Ammunition as an Alien Admitted Under a Nonimmigrant Visa)

27. On or about October 10, 2020, within the Eastern District of New York and elsewhere, the defendant HERBERTH RODRIGUEZ, also known as "Kepa," knowing that he was an alien who had been admitted to the United States under a nonimmigrant visa, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: two .9mm caliber A-MERC cartridge cases.

(Title 18, United States Code, Sections 922(g)(5)(B), 924(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

28. The United States hereby gives notice to the defendant HERBERTH RODRIGUEZ that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

29. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

13

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

<u>CRIMINAL FORFEITURE ALLEGATION</u>
<u>AS TO COUNT TWO</u>

30. The United States hereby gives notice to the defendant HERBERTH RODRIGUEZ that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be

divided without difficulty;

14

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FIVE, SEVEN, NINE AND TEN

32. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Five, Seven, Nine and Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922 and 924, or any violation of any other criminal law of the United States, including but not limited to (a) six .9mm caliber Win Luger cartridge cases that were seized on or about November 1, 2020 in Queens, New York; and (b) two .9mm caliber A-MERC cartridge cases that were seized on or about October 10, 2020 in Queens, New York.

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

15

      (e)    has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*/s/ Thomas Paradis*
FOREPERSON

*/s/*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2019R01715
FORM DBD-34
JUN. 85

No. 20-548 (S-2) (WFK)

# UNITED STATES DISTRICT COURT
EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

HERBERTH RODRIGUEZ and ███████████

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(5)(B), 924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1),
924(j)(1), 1959(a)(1), 1959(a)(5), 1961(1), 1961(5), 1962(c), 1963,
1963(a), 1963(m), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(b)(1)(B)(ii)(II), 841(b)(1)(D), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____  *Thomas J. Parades*
                              *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                    *Clerk*

*Bail, $* _____

*Olatokunbo Olaniyan and Jennifer M. Sasso, Assistant U.S. Attorneys*
*(718) 254-7000*